Mary A. Emanuel, Respondent, *v.* The Long Island Railroad Company, Appellant.

Judgment reversed, with costs, and the complaint dismissed, with costs, on the ground that the plaintiff failed to prove actual or constructive notice of the dangerous condition. Present — Martin, P. J., O'Malley, Townley, Dore and Cohn, JJ.; Dore, J., dissents and votes for affirmance; dissenting opinion by Dore, J.

Dore, J. (dissenting). Plaintiff claimed that while walking on a stairway maintained by the defendant at its station in Flushing, Queens county, she was caused to trip and fall and sustained serious injuries by reason of the negligence and failure of the defendant to provide proper and sufficient light on the stairway in question. The issues of negligence and contributory negligence were submitted to the jury as issues of fact in a charge to which neither the plaintiff nor defendant excepted. Defendant had moved to dismiss at the close of the plaintiff's case and at the close of the whole case on the ground that there was no notice, actual or constructive, of the alleged dangerous condition and had excepted to the court's reservation of decision on such motions. If there were no evidence in the record from which either actual or constructive notice could be inferred, these exceptions could be availed of even though the defendant did not except or make any request in connection with the court's failure to charge the jury on the necessity of notice.

But the record does contain such testimony. Defendant's witness Green testified that the stairway landing light in question was connected with the light in the ticket agent's office so that if the landing light went out the light in the agent's office was also immediately extinguished, and the court in its charge made specific reference to such testimony; the witness also testified that this arrangement existed because that particular landing was the only " danger part " of the station. Plaintiff testified that the light was out at the time of the accident and one of her witnesses testified that it had been out for at least ten minutes before

the accident. Defendant did not call the surviving ticket agent who was on duty about the time of the accident, alleging that he had been in Ireland for approximately a year, but no explanation was given for its failure to obtain his deposition. In that state of the record there was sufficient evidence of actual notice to the defendant or its agents to raise the issue as a question of fact for the jury and accordingly defendant should have excepted to the court's charge for failure to instruct the jury that before plaintiff could recover she must prove actual or constructive notice and should have requested the court so to charge. Defendant took no exception to the charge and made no request with regard to the necessity of notice, and its failure to do so on this record made the charge the law of the case.

The accident and serious permanent injuries were clearly established. The verdict was by no means excessive.

Accordingly I dissent and vote to affirm.